Judge Cabell.
The written agreement in this case
ought to be considered as referring to the terms of the public sale, and therefore the decree of the chancellor, making a deduction from the price for which the property was sold,- at the public sale, was erroneous. But, as the appellee has not complained of that deduction, it will not now be noticed. The decree appears also to be erroneous in dissolving the injunction before the appellee had- made a title to the land. I am therefore of opinion that the decree be reversed, and that the cause be sent back to the court of chancery ; that the injunction be reinstated and i-emain in full force until a deed, good and sufficient in the estimation of the chancellor, shall be executed, and then that it be dissolved as formerly directed by the decree now reversed.
Judge Brooke.
The claim of the appellant to a deduction from the amount of his bond appears to me entirely unfounded. The depositions concur in proving' the terms of the sale. Though the advertisement d'e¿cribed the lot of ground as containing fifty feet in front, yet the depositions of the auctioneer, and of two other *183 witnesses, prove expressly that it was publicly proclaimed by the auctioneer that the lot was sold as containing between forty-four and forty-six feet in front, more or less, by metes and bounds, which were specially shown to the appellant. He does not himself, either in his original or supplemental bill, insinuate that the articles of agreement were executed by the appellee in pursuance of any other contract or transaction than the sale; nor is there the slightest evidence to that effect in the record. I infer, therefore, that the words “ more or less,” in the terms of the sale, were omitted in that instrument by mistake. The appellant, coming into a court of equity to ask relief, insists with a bad grace on the legal effect of a deed so obtained. However, as the decree is not complained of by the appellee, it will not now be corrected as to the deduction from the amount of the bond; but the appellant was certainly entitled to a conveyance of the property before he paid the purchase-money; the want of it was the exclusive complaint in the original billyet the chancellor has been silent on that subject. I am therefore of opinion that the decree be reversed, the cause sent back, and the injunction reinstated, until the appellee shall tender a gooff and sufficient deed, in. the opinion of the chancellor j and then to be dissolved, as before decreed.
Judge Roane.
Nothing can be clearer, upon the testimony in this case, than that the purchase was of the entire lot, by specified metes and bounds, and that the appellant was not only publicly and formally apprized of those terms, at the time of sale, but was also informed of the probable deficiency by a rough admeasurement of the premises. These circumstances are entirely competent to do away the effect of the advertisement, which represented the lot as containing fifty feet in front. If, therefore, we are authorized to test this case by the actual circumstances of the contract on the day of sale, the ap *184 pellant is entitled to no abatement whatever, from the gross sum he contracted to give for the lot.
We are so authorized, unless prevented by the agreement of November 3d, 1801. The bill states the pur-' chase of the lot at public sale; and that the appellant entered into the agreement, last mentioned, with the appellee ; and prays that the said contract may be carried into effect. It does not allege a rescission of the contract by the sale at auction, and the making a new agreement by the writing of November 3d, 1801 ; but, on the contrary, it rather admits that the original sale was not rescinded, by stating the consummation, without also aver-ring the rescission of it. The bill, at least, submits the construction upon this subject to the judgment of the court; ánd, if we were now to decree that the original bargain was rescinded and given up on the 3d of November, 1801, we should, I think, go beyond the allegations of the bill, and take a ground not taken by the complainant himself. Let us now examine the agreement self. The agreement does not purport an abandonment of the former contract; on the contrary, it recognises its existence,- by reciting that Grant land had become the purchaser of all that tenement, &c. and had given bond for the payment of the purchase-money, according to the terms of the sale ; and by agreeing to make him & title to the tenement purchased as aforesaid, in consideration of the premises, which premises are, his having-purchased the lot at public sale, and given bond for the purchase-money according to the terms of that sale. Thus far there is not an iota of the" agreement which seems to look towards a rescission of the former contract, and setting up a new agreement; but what is now relied upon is, that, in reciting the fact of the purchase at auction, the lot is said to contain fifty feet; and this false recital is supposed both to demolish and surrender the contract on the original purchase, and to narrow down the effect of an agreement, which was then entered *185 into merely for the purpose of effectuating and finally settling the former contract. The answers to this idea are, 1st. That if the lot is, in this part of the recital, said to contain fifty feet in front, that recital also admits that he purchased only “ all that tenement lately occupied by W. Hodgsonf and that this part of the recital will narrow and control the effect of the former j 2dly. That this construction is abundantly supported by the agreement, taken in a general view as aforesaid; and, 3dly, That a false recital of a fact or contract does not in all cases amount to a grant or contract. In the case of wills it is clear that a false recital does not amount to a devise ;(a) and the construction, I presume, will be the . , . , , , , . same in relation to a grant or deed, unless the circum- , , stances are so clear as to amount to an admission to be bound by the fact or document recited, as in the case of Annandale v. Harris, 2 P. Wms. 433. where a man having, in a deed poll, recited that he had given a bond for 2,000/. to a woman whom he had seduced, and the bond could not be proved, it was held that the recital in the deed was sufficient evidence of there having been such a bond, as it was a confession by the obligor himself under hand and seal, and was stronger than a verbal confession, The case before us falls very far short of this standard $ for so far from this recital amounting to an agreement to warrant the lot to contain fifty feet, it is not only a feh dese in itself as aforesaid, but the converse is evinced by all the foregoing considerations. I should be entirely of this opinion, did the parties in this case stand upon pre cisely equal ground: but that is not the case ; for the appellee has got the law on his side, and is not to be de~ prived of the benefit thereof, unless his adversary will give up his claim to avail himself of a trick practised by him in relation to an immaterial omission in the recital of an agreement written by himself.
As to the proposed variation in the decree, nothing can *186 be more just than that a purchaser should not be compelled to part with the purchase money until he has obtained a title for his land. I concur, therefore, in reversing the decree, and in modelling it in the manner proposed by Judge Brooke.
Judgment reversed, and “ cause remanded to the court of chancery, for the injunction to be reinstated until the appellee Hezekiah L. Wight shall tender a good and sufficient deed in the opinion of the chancellor, and then to be dissolved as before decreed by the chancellor.”
Monday, April 22d. The judges (except Judge Brooke) declared that, in this case, they did not mean to decide the question generally, whether, on reversing a decree to the injury of the appellant, the court can moreover correct an error operating to the injury of the appellee, but left it open for argument whenever the point should again occur.
October 2d, 1811. The Court established a general rule on this subject, for which see 1 Munf. p. 460. note.
Saturday, November 9th. Copland renewed a motion, formerly made by him, for a reconsideration of this case. His object was to obtain a correction of the error which operated to the injury of the appellee.

Cur. adv. vult.

Monday, November 11th. The president reported that, on reconsidering the case, the court saw no good ground for disturbing the decree entered the 20th of April last.

 Bamfield v Popham, 1 P. Wms. 54 and Wright v. Wyvill, 2 Vent. 56.